Mr. Justice Huger
delivered the opinion of the court:
Two questions have been made for the consideration of {¿he court)
1st. As to the admissibility of Ephraim Mitchell’s receipt — and,
2dly. As to the possession of Cantey.
When a writing is offered in evidence, so antiquated as to render it difficult, if not impossible to produce a witness who had ever seen the person write, whose signature is *262 attached to the writing, justice would be defeated, if a comparison of hand-writing were not permitted. In the ease of Jillcsbrook fy Roach, (l Esp. Rep. 351,) the jury were allowed to examine papers admitted to be the parties hand-writing, to compare them with the writing in question, and to draw their own conclusions. And in the case of Brumand Rawlins, (1 East, 232,) the signature.in an entry, made by a person long since dead, was-allowed to be compared with another signature of the sam© person, in a deed of settlement. So also, where a parson’s books were produced to prove a ■ modus, the parson having been long dead, a witness who had examined the-Parish books, in which the same parson’s name was written, was permitted to swear to the similitude of the handwriting. (Bull, N. P. 236.)
In such cases, such evidence is the best that can be procured.
The signature of Ephraim Mitchell, a surveyoi’-gcneral, forty years ago, could not be better proved than by comparing it with his signature attached to the plats and grants which were issued during the period he was in office. This objection cannot prevail.
A statutory claim to land, by possession, must depend upon the length, the extent, and the character of the possession, At best, land is held in this state by a too uncertain tenure. I have never xxxet with an intelligent holiest man, who did not regret that a trespass .could be converted into a right in So short a period as five yeai's. This evil can be remedied only by Legislative intei'fei’ence.
It is however the duty of this court to guard with vigilance such rules as have been established for the protection of the freehold, and not to permit so important a right to depend upon the whim and caprice, or the loose impressions of a jury. They arc the judges of facts, not the manufactui’ers of facts. Their verdict to be good must be according to the evidence submitted, and not in opposition to the evidence, or without evidence.
To enable a plaintiff to succeed in his statutory claim *263 io land, he must prove that he has had possession of the land the full time required by the Statute Law.
He must shew the extent of his possession, to enable the jury to fix his metes and bounds, and his possession must moreover appear to have been adverse. v
By the act of 1712, five years possession of land, if adverse, with certain exceptions not now necessary to be noticed, confers title. As Cantey could not hold adverse possession prior to the granting cf the land, his possession, must be regarded as having commenced at the date of the grant, viz. on the — May, 1785. One of the witnesses stated that Cantey was in possession 5 or 6 years after 1785. On this loose expression, referring to a possession which had ceased 30 years ago, depends the fact of Cantey’s having been in possession five years subsequent to the date of the grant. Had no evidence of possession pri- or to the grant, and no neighborhood rumors as to Cantey’s right to the land been submitted to the jury, or had the attention of the jury been directed to this loose expression, involving a fact so all important to the case, I should have been better satisfied with the verdict. As it is, I am unwilling to admit that a right so important, can depend upon a foundation so precarious. Did this case therefore present no other ground for a-new trial, I should have been unwilling to refuse one.
On the second ground, however, the court arc all of opinion the defendant must have a new trial.
Admitting that Cantey had possession of a part of this land for more than five years, subsequent to May, 1785, it was only apossessio jjedis — it was not connected with ■Craiuford’s grant and plat.
There was no evidence to shew that he even possessed it at the time, and if he had the possession of a deed, proving beyond a doubt, that he was not the owner of the land, Can afford no foundation for presuming th,at he claimed the land; the receipt of the Surveyor-general shews that Cantey paid the fees for Crawford — -it does not shew that he got possession of the grant and plat, they may *264 Lave continued in the office for thirty years after. Thdplaintiffs not having shewn to what limits Caniey had claimed, was not entitled to a verdict for more (if to any) than he actuallj’ possessed.
8. D. Miller, for the motion.
Be Saussure $ J. B. Miller, contra.
On the third ground, it is only necessary to remark that the possession of Caniey, was at most, equivocal. The receipt of the Surve3Tor~general, if it prove any thing, shews that Caniey paid the fees of office, as the agent of Crawford. Any act done by Caniey, as the agent of Crawford, for the land, must negative the presumption, that he held adversely to him.
A new trial is ordered.
Justices Johnson, Noli and Richardson, concurred.